**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LINA Y. GUIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Plaintiff Demands Trial by Jury |
| BOARD OF EDUCATION OF ADDISON | ) | |
| ELEMENTARY SCHOOL DISTRICT NO. 4, | ) | |
| DUPAGE COUNTY, ILLINOIS; CHARLES B. | ) | |
| WARTMAN, in his official and individual | ) | |
| capacities; and JOHN R. LANGTON, in his | ) | |
| official and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff LINA Y. GUIO, by her attorneys, Elaine K.B. Siegel & Assoc., P.C., complains as follows against Defendants, the BOARD OF EDUCATION OF ADDISON ELEMENTARY SCHOOL DISTRICT NO. 4, DuPage County, Illinois ("School District"), JOHN R. LANGTON, individually and in his official capacity as District Superintendent of the School District; and CHARLES B. WARTMAN, individually and in his official capacity as Assistant Superintendent for Administrative Services of the School District.

## PARTIES

1. Plaintiff LINA Y. GUIO ("Guio") is a resident of the County of DuPage, State of Illinois.

2. Defendant JOHN R. LANGTON ("Langton"), sued individually and in his official capacity as District Superintendent of the School District, has an office and does business in the County of DuPage, State of Illinois.

1

3. Defendant CHARLES B. WARTMAN ("Wartman"), sued individually and in his official capacity as Assistant Superintendent for Administrative Services of the School District, has an office and does business in the County of DuPage, State of Illinois.

4. Defendant BOARD OF EDUCATION OF ADDISON ELEMENTARY SCHOOL DISTRICT NO. 4, of DUPAGE COUNTY, ILLINOIS ("School District"), has offices and does business in the County of DuPage, State of Illinois.

## JURISDICTION AND VENUE

5. All of the relevant actions complained hereof took place in the County of DuPage, State of Illinois.

6. This is an action for damages and other relief, seeking to enforce rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e *et seq*.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.§ 621; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq*.; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.; 42 U.S.C. § 1983; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Equal Pay Act, 29 U.S.C. ch. 8 § 206(d); and pendent claims under Illinois state law for tortious interference with contractual relations and with prospective economic advantage.

7. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, § 1343, and § 2201. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367, over the state law claims, because the state law claims are based upon the same nucleus of operative facts as the federal claims, and because the exercise of supplemental jurisdiction would further judicial economy and the ends of justice.

8. Venue is proper within this District and Division pursuant to 28 U.S.C. § 1391, in that the Plaintiff resides, and the Defendants reside, have offices and/or do business in the

Northern District of Illinois, Eastern Division, in Defendants County, Illinois; and the causes of action arose here.

## FACTS

9. Plaintiff Lina Y. Guio is a 55-year-old woman (DOB 03/06/1965), of Hispanic race and Colombian national origin, who has disabilities, including rheumatoid arthritis, hypertension, lupus, and related conditions. Her rheumatoid arthritis has resulted in frozen shoulders, for which Guio is currently undergoing surgery. Guio takes immunosuppressant medication to treat her rheumatoid arthritis. This limitation of her immune function increases her vulnerability to COVID-19.

10. Guio has 17 years of experience as an educator. She is fluently bilingual in English and Spanish. She holds numerous endorsements and licenses, including elementary and middle school education, Bilingual Education, English as a Second Language, Bilingual Special Education and Bilingual Education. She is qualified to evaluate licensed staff and administrators.

11. Defendant John R. Langton, the District Superintendent, is of Caucasian race and, on information and belief, of U.S. national origin.

12. Defendant Charles B. Wartman, the Assistant Superintendent for Administrative Services, is of Caucasian race and, on information and belief, of U.S. national origin.

13. From 2016 to 2020, the student body of the School District has ranged from 70% to 64.2% Hispanic, 22% to 24.4% White, 2% to 2.4% Black, 4% to 4.4% Asian, and 4% to 4.7% other. The proportion of low-income students (as measured by free and reduced-price lunch) has ranged from 67% to 58.3%. The proportion of English language learners ("ELLs") has ranged from 33% to 43%.

14. Neither Langton nor Wartman speak Spanish or have qualifications in bilingual education.

15. On or about August 5, 2010, the Board of Education hired Guio to serve as Principal of Lincoln Elementary School ("Lincoln Elementary"). In comparison to comparable schools in the District, Lincoln had a higher proportion of Hispanic students, low-income students, and ELLs. As a principal, Guio was a member of the administration and reported to Defendant John Langton, District Superintendent.

16. Guio and the School District's Board of Education entered into successive employment contracts. Copies are attached as Exhibit B hereto. On August 27, 2014, Guio attained tenure.

17. Guio's evaluations as administrator were generally excellent and reflect a distinguished level of performance in most areas, including student growth measures.

18. Guio served as principal of Lincoln Elementary until November 11, 2019, when Defendants wrongfully demoted her based on false and pretextual allegations, and reassigned her to the position of Sixth Grade Dual Language Arts Teacher at Indian Trails Junior High School (Indian Trails), where her duties included, inter alia, direct and online instruction.

**Guio's Advocacy For Hispanic Students And Families, And Resultant Adverse Employment Actions**

19. As a bilingual specialist, in her capacity as principal of Lincoln Elementary, Guio advocated vigorously for her students.

20. In 2014, the Illinois State Board of Education (ISBE) conducted an on-site monitoring review of the School District's implementation of Title III of the No Child Behind Act of 2001 (20 U.S.C. § 6801 *et seq.*), and other applicable laws. The ISBE found significant

deficiencies in the School District's services to ELLs, and Guio advocated for the District to cure the deficiencies.

**Denial of Lateral Promotion**

21. In the 2018-19 school year, the School District's Bilingual Director, Dr. Lisa Black-Gomez, resigned her position effective June, 2019.

22. Guio applied for the Bilingual Director position, for which she was highly qualified, and had previously performed in substantial part at a different school district.

23. The Bilingual Director position would be a lateral transfer from Guio's principal position, but with additional opportunities for advancement.

24. Langton responded that he would make a decision after the position was formally open, and he had reviewed the qualifications of the applicants.

25. On February 11, 2019, Guio asked Langton whether the School District would designate a Bilingual Director for District bilingual programming, in accordance with ISBE regulations. Langton responded that there would be no Bilingual Director, but that the School District had administrators who could do aspects of the job. Guio responded that this would violate the School Code.

26. Without designating a Bilingual Director, Langton ultimately filled the administrative opening with a candidate who lacked bilingual education qualifications, and now primarily performs special education rather than bilingual education functions, leaving the District out of compliance with ISBE regulations. She is Hispanic, of Mexican national origin, and on information and belief, in her late 30s.

27. Guio repeatedly objected to the lack of a qualified Bilingual Director, and to the School District's failure to establish a Bilingual Parent Advisory Committee ("BPAC"), another ISBE requirement. The BPAC has compliance and budgeting functions.

**Dispute Over "ClassDojo" and "Sangha" Parent Communications App**

28. In 2017 the School District began implementing a parent communications app called "ClassDojo". It was based on text messaging, and was user-friendly for parents with limited technological and English language skills. Its use was successful with Lincoln Elementary families.

29. In 2018, the School District began implementing a different app, so-called "Sangha", for parental communications. It was a poor-quality app, based on emails, to which some Lincoln parents lacked access. In November 2018, Guio inquired of Assistant Superintendent of Innovation & Information Kim Lohse about the use of Sangha rather than ClassDojo. Lohse did not respond.

30. Although the School District ultimately abandoned the inferior Sangha app, Langton insisted that Guio use it at Lincoln. He took issue with her advocacy for the better quality ClassDojo app, and ultimately disciplined her for not adopting Sangha.

**False Accusation Of Funds Mismanagement**

31. In May, 2019, Assistant Superintendent for Business Tim Keely investigated a theft of funds from Lincoln Elementary. He interviewed Guio in an aggressive and accusatory manner in front of administrative staff, students, and parents.

32. Guio and her staff immediately reviewed video and identified the perpetrator, an employee of another Addison school, where multiple thefts had occurred. The perpetrator had a master key. Videos from that school had captured those thefts, which had not been addressed.

6

33. Both Assistant Superintendent Keely and the principal at the other school were male, Caucasian, and younger than Guio.

## August, 2019 Meeting With Langton

34. In August, 2019, Defendant Langton requested a meeting with Guio after a parent complained about the parent communication apps. Guio requested that another person attend the meeting, to which Langton objected.

35. During the meeting, Langton accused Guio of putting the parent up to the complaint. He refused to discuss her concerns with Assistant Superintendent Keely.

## Guio's August 21, 2019 Complaint to Wartman

36. On August 21, 2019, Guio contacted Defendant Wartman to file a complaint. Among other issues, she objected to a proposed evaluation schedule that would disproportionately burden her, and deprive her students at Lincoln of administrative support.

37. Defendant Wartman opened an investigation from September 9 to October 9, 2019. The Board of Education rejected Guio's complaints as unsubstantiated.

## The District's Proposed Reconfiguration of Guio's Duties

38. With the resignation of Dr. Black-Gomez, there was a lack of qualified administrators to perform the evaluations of teachers of bilingual education. To fill the void, the School District proposed to reassign such evaluations from the Bilingual Director to building-level administrators, notably Guio.

39. The proposed assignments would greatly increase Guio's workload, requiring her to travel extensively to other schools, leaving hers without administrative coverage, in that Lincoln did not have an assistant principal to supervise the building in her absence.

**Guio's Demotion From Principal To Classroom Teacher**

40. On October 17, 2019, at a meeting of District principals, Defendant Langton presented planned assignments of teacher evaluations, disproportionately modifying Guio's workloads. Guio raised objections.

41. Guio also raised issues with the continued deficiencies of the District's bilingual education program.

42. Guio was falsely accused of belligerent and insubordinate misconduct. Her case was referred to the Board of Education, and she was placed on paid administrative leave. In a letter dated November 4, 2019, Defendant Langton informed Guio of here reassignment to classroom teacher, initially without loss of pay.

43. As a direct and proximate result of her advocacy, among other motives, Guio was denied a lateral promotion to the position of Bilingual Director, and was demoted from principal to teacher.

44. For the 2020-2021 school year, the School District reduced Guio's pay to that of teacher.

**The COVID-19 Epidemic And Failure To Provide Reasonable Accommodation**

45. When the COVID-19 epidemic struck in 2020, the School District ceased on-site learning throughout the School District until the end of the school year. All instruction was provided to all students online.

46. Due to her rheumatoid arthritis and her immunocompromised system, Guio implemented a strict quarantine. She excluded everyone from her home, except for her husband, who got a telework accommodation so he could quarantine as well.

47. Guio excelled at online instruction, and her students performed well.

8

48. During the summer of 2020, as the pandemic continued to rage throughout Illinois and the County of DuPage, Guio developed a sophisticated on-line classroom and curriculum.

49. As fall semester, 2020, began, the School District continued online instruction. It nonetheless required virtually all faculty, including Guio, to deliver instruction from classrooms at the School District.

50. The attendance area was a hot spot. There were cases of COVID-19 on campus. A member of her team became infected. The School District took only limited measures to protect the faculty from the virus.

51. Due to her rheumatoid arthritis and immunocompromised system, Guio requested the reasonable accommodation of teaching remotely from home, where she could maintain strict quarantine.

52. Guio had set up a studio in her home equipped with sophisticated lighting and technology in order to present her online classes. She had developed engaging curriculum specifically for online use.

53. As a result of her advancing rheumatoid arthritis, Guio developed frozen shoulders, and required surgery, and a period of recuperation. Guio took her accrued sick leave and vacation days, and an FMLA leave.

54. Guio estimates that on or about March 15, 2021, she would be able to return to work with the reasonable accommodation of teleworking.

55. On information and belief, other School District staff with disabilities have been discriminated against in the same manner as Plaintiff.

56. On July 29, 2020, Defendant Langton directed all staff to return to school, but directed requests for special accommodations to Defendant Wartman. On August 3, 2020, Guio

requested the reasonable accommodation of teleworking, supported by medical
documentation. She also responded to an accommodations survey required by the School
District.

57. On August 18, 2020, Defendant Wartman denied Guio's request for accommodation,
directing her to report in person to her worksite beginning on August 27, 2020. In
response she provided further medical documentation. At that time, all instruction was
provided on-line.

58. On August 24, 2020, Defendant Wartman again denied Guio's request for telework,
stating that, "The rationale is that we feel that educators need to be at the worksite to be
able to access their instructional materials and work with peers/colleagues to provide a
quality educational experience for the students."

59. The School District's rationale was pretextual. Work among faculty and staff took place
remotely (e.g., by telephone), not face to face. There were no instructional materials on-
site; Guio developed her own curriculum.

60. The School District allowed another faculty member, Caucasian, to work remotely as a
reasonable accommodation.

61. Guio tried again, and requested an emergency paid sick leave. On August 26, 2020,
Defendant Wartman again denied Guio's request for emergency sick leave, on the basis
that she was "ineligible for emergency paid sick leave under the FFCRA, which is
available to an employee only if the employee is unable to work because he or she: …
**has been advised by a health care provider to self-quarantine related to COVID-19**
…" (emphasis added)

62. Defendant Wartman responded that it reasonably accommodated her condition by sanitation measures, but rejected the opinions of her physicians, and failed to explain why her proposed accommodation, her skilled and effective teleworking, was insufficient, where instruction was being provided online.

63. On August 28, 2020, Plaintiff presented an updated health statement from her physician, again advising her to self-quarantine related to COVID-19.

64. In the meantime, as Plaintiff's rheumatoid arthritis progressed, she developed frozen shoulders, requiring surgery on October 27, 2020, and a second on some date in the near future, and a period of recovery. Plaintiff used her allotted sick leave days.

65. On November 24, 2020, Guio was given a directive to provide a return to work date, or she would be deemed to have resigned. She explained that she would be evaluated for return to work at an appointment on February 22, 2021. Having provided Wartman with a release to contact her surgeon regarding her condition and status, she reiterated he could do so.

66. Again on December 9, 2020, Defendant Wartman emailed Guio demanding additional certification from her health care providers "identifying either a date by which you will be medically cleared to return to work or a defined period of additional leave required by your medical status, if necessary." Defendant Wartman threatened that her failure to comply would be understood as "further indication of her intent to resign."

67. On December 9, 2020, Guio immediately responded that she was not resigning, described her incapacitating condition post surgery, explained she would require further treatment, and that she anticipated a further prognosis on February 22, 2021. She stated that his

demand for a specific return date was unlawful, and reminded him of her release to contact her physician's office with any further questions.

68. The School District falsely claimed its working conditions were safe. The PPE that the School District provides is limited and inadequate for the level of protection needed by Guio. Air circulation and ventilation is poor, and faculty and students must use common hallways.

69. The School District's health guidelines were not sufficient to provide a safe environment for Guio in her immunocompromised state.

70. Although teachers work in their own classrooms, Defendants would require Guio to work with students.

71. Guio has undergone extensive testing and treatment for her rheumatoid arthritis and related conditions. Guio still experiences pain and physical impairments that substantially limit major life activities.

72. Guio's surgeon responded in detail to her health conditions, including being immunocompromised, having shoulder impingement syndrome in both shoulders, and extensive rotator cuff surgery, which included right shoulder rotator cuff repair, subacromial decompression shaving down bone, biceps tenotomy releasing the biceps and coracoacromial ligament release due to having degenerative rheumatoid arthritis disease as opposed to an injury.

73. Without evidence to the contrary, the School District has continuously discounted Guio's medical certifications from highly-qualified specialists, and repeatedly demanded additional, particularized documentation of her medical conditions.

74. The School District's purported objections to Guio's reasonable accommodation are false and pretextual. She can easily gain access to any needed instructional materials on-line, without being present physically on campus, and generally develops her own original high-quality curricular material. Similarly any interactions with colleagues and administration are routinely achieved remotely, through telephone, email, Face Time, Skype and Zoom.

75. As a highly qualified master teacher, Guio successfully provided high-quality virtual instruction to her bilingual students during the Spring term. All but one of her LEP students performed very well and made substantial academic progress.

76. Defendants granted one or more similarly situated younger, Caucasian teachers permission to telework, one of whom also takes immunosuppressive medication.

77. Rather than permitting Guio to provide her expert bilingual instruction remotely, the School District opted for substandard instruction by less qualified teachers outside the classes protected by the ADA.

78. The School District has staffed Guio's position with a teacher who delivers remote instruction, while the students are attended by a bilingual aide.

**The School District's Pay Discrimination Against Guio**

79. During her employ as principal, Guio's compensation was lower than similarly-situated administrators in the School District, her qualifications, experience and performance notwithstanding.

80. Defendants did not advance Guio along the pay scale as quickly as Caucasian males through the hiring, promotion, raise and special assignment process.

81. Defendants promoted males that had lesser credentials, seniority, and/or comparable responsibilities, more quickly than Guio.

82. The School District compensated similarly-situated Caucasians at higher levels than Guio, her qualifications, seniority, and/or comparable responsibilities notwithstanding.

**EEOC Charge And Notice Of Right To Sue**

83. Plaintiff filed Charges of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on November 27, 2019, alleging discrimination based on age, race, disability, and retaliation. On November 10, 2020, the EEOC issued a Notice of Right to Sue, a copy of which is attached as Exhibit A.

**COUNT I**
**DISCRIMINATION BASED ON RACE**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000d, *et seq.***
**(AGAINST SCHOOL DISTRICT DEFENDANTS)**

1-83. Plaintiff restates and realleges paragraphs 1-83 above, as though fully set forth herein.

84. Plaintiff is a Hispanic woman.

85. The Plaintiff was, and remains, highly qualified for the positions of principal and bilingual teacher.

86. Throughout her time at the School District, Plaintiff performed her work satisfactorily, Defendants' contrary allegations notwithstanding.

87. Through the actions alleged hereinabove by her Caucasian supervisors, Defendants Langton and Wartman, Plaintiff was subject to disparate evaluation of her performance, was disciplined more severely, and was treated less favorably, than similarly situated non-Hispanic faculty and administrators, including, but not limited to, the following:

   a. As principal of Lincoln Elementary, Plaintiff was paid less than similarly-situated non-Hispanic administrators;

14

b.  As principal of Lincoln Elementary, Plaintiff was not provided support staff comparable to the staff allocated to schools with predominately Caucasian student bodies;

c.  Plaintiff was expected to work a heavier work load than similarly-situated non-Hispanic administrators, and when she objected, was demoted from administration to classroom teacher on false and pretextual grounds;

d.  Plaintiff was denied a lateral transfer to a position for which she was highly qualified, which was awarded to a lesser qualified person;

e.  Defendants falsely accused Plaintiff of misconduct, including mismanagement of school funds and insubordination, where similarly-situated Caucasian staff were not so accused;

f.  When the COVID-19 pandemic caused the School District to provide remote learning to students, beginning in fall semester, 2020, Defendants refused to grant Plaintiff's request to teach her classes remotely, but required her to be present on campus for false and pretextual reasons, and despite compelling medical reasons, where similarly-situated Caucasian faculty was allowed to teach remotely;

g.  Plaintiff is under threat of termination;

h.  In November, 2019, Defendants brought disciplinary proceedings for insubordination and other accusations of misconduct against Plaintiff, on false and pretextual grounds.

i.  When Guio objected to staffing that disparately impacted Hispanic students requiring bilingual education services, providing them with education services

inferior to those of Caucasian students, Defendants retaliated against her through discipline, demotion, and reduction in pay;

j. When Plaintiff complained that the School District failed to provide statutorily-required bilingual education services to Hispanic students, Defendants retaliated against her through discipline, demotion, and reduction in pay;

k. When Plaintiff complained that the School District failed to administer Title I and Title III grant funding in compliance with the law, thus harming Hispanic students and families, Defendants retaliated against her through wrongful discipline, demotion, and reduction in pay;

l. When Plaintiff complained to the Office for Civil Rights of the U.S. Department of Education, and Plaintiff complained to the Illinois State Board of Education that the School District failed to provide statutorily-required bilingual education services to Hispanic students, and failed to administer Title I and Title III grant funding in compliance with the law, thus harming Hispanic students and families, Defendants retaliated against her through wrongful discipline, demotion, and reduction in pay;

m. The School District is wrongfully threatening Plaintiff with termination, on the false and pretextual basis of her absence, where she is using her accrued sick leave and FMLA leave, and the School District has refused to provide reasonable accommodations;

n. Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

16

o. Plaintiff has been discriminated against as a result of her race, Hispanic.

p. From time to time, Defendants replaced Plaintiff with personnel who lacked certification or expertise to provide bilingual education to Hispanic students who were English Language Learners.

q. On information and belief, persons who absorbed Plaintiff's duties were non-Hispanic, and some lacked the expertise, experience or certification to perform her duties.

r. As a direct and proximate result of the Defendants' discriminatory treatment, Plaintiff suffered humiliation, emotional distress, pain and suffering, direct physical injury and sickness, monetary loss, reputational loss, and the destruction of opportunities for advancement in her chosen field.

s. Plaintiff has exhausted all administrative remedies.

t. Plaintiff has suffered irreparable injury.

u. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendants engaged in conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

a. That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

b. That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

c. That this Honorable Court award Plaintiff front and back pay;

d. That this Honorable Court award pre-judgment interest and costs;

e. That this Honorable court award Plaintiff money reasonably calculated to compensate her for reputational injury, emotional distress, pain and suffering, and direct physical injury or sickness;

f. That this Honorable Court award punitive damages to Plaintiff for the intentional, willful, and deliberate disregard for Plaintiff's federally protected rights;

g. That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants;

h. That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

i. That this Honorable Court award such other and further relief as it may deem just and equitable.

**COUNT II**
**DISCRIMINATION BASED ON NATIONAL ORIGIN**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(National Origin)**
**42 U.S.C. §2000d, *et seq*.**
**(AGAINST SCHOOL DISTRICT DEFENDANTS)**

1-87.  Plaintiff restates and realleges paragraphs 1-87 above, as if fully set forth herein.

88. Plaintiff is a woman of Colombian national origin.

89. Plaintiff was qualified for the positions and remains qualified for the positions of principal and teacher.

90. Throughout her time at the School District, Plaintiff performed her job satisfactorily, Defendants' contrary allegations notwithstanding.

91. Through the actions alleged hereinabove, Plaintiff was subject to disparate evaluation of her performance, was disciplined more severely, and was treated less favorably, than

18

similarly-situated persons of non-Colombian national origin, including, but not limited to, the following:

    a.   Defendants' failure to award her a lateral transfer to the Bilingual Director position;

    b.   Defendants' wrongful demotion of Plaintiff from her position as principal to her position as bilingual teacher;

    c.   Defendants' wrongful refusal to provide reasonable accommodations for her rheumatoid arthritis and compromised immune system;

    d.   Defendants' threats to terminate her for failure to attend work, in reliance on their own wrongful refusal to allow her to teach remotely.

92. As principal of Lincoln Elementary, Plaintiff was paid less than similarly-situated persons of non-Colombian national origin.

93. As principal of Lincoln Elementary, Plaintiff was not provided support staff comparable to the staff allocated to schools headed by persons of non-Colombian national origin.

94. Plaintiff was expected to work a much heavier work load than similarly-situated administrators of non-Colombian national origin, and when she objected, was demoted from administration to classroom teacher on false and pretextual grounds.

95. Defendants falsely accused Plaintiff of misconduct, including theft and insubordination, where similarly-situated persons were not so accused.

96. When the COVID-19 pandemic caused the School District to provide remote learning to students, Defendants refused to grant Plaintiff's request to teach her classes remotely, but required her to be present on campus for false and pretextual reasons, and despite compelling medical reasons.

19

97. Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

98. As principal of Lincoln Elementary, Plaintiff was paid less than similarly-situated administrators of non-Colombian national origin.

99. As principal of Lincoln Elementary, Plaintiff was not provided support staff comparable to the staff allocated to schools headed by persons of non-Colombian national origin.

100.     Plaintiff was expected to work a much heavier work load than similarly-situated administrators of non-Colombian national origin, and when she objected, was demoted from administration to classroom teacher on false and pretextual grounds.

101.     Defendants falsely accused Plaintiff of misconduct, including theft, belligerence and insubordination, where similarly situated persons of non-Colombian national origin were not so accused.

102.     When the COVID-19 pandemic caused the School District to provide remote learning to students, Defendants refused to grant Plaintiff's request to teach her classes remotely, but required her to be present on campus for false and pretextual reasons, and despite compelling medical reasons, where similarly-situated staff of non-Colombian national origin were allowed to teach remotely.

103.     Plaintiff is under threat of termination.

104.     In June, 2019, Defendants brought disciplinary proceedings for insubordination against Plaintiff, on false and pretextual grounds.

105.     Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

20

106.     Plaintiff has been discriminated against as a result of her national origin, Colombian.

107.     On information and belief, the persons who absorbed Plaintiff's duties were non-Colombian.

108.     As a direct and proximate result of the Defendants' discriminatory treatment, Plaintiff suffered humiliation, pain and suffering, emotional distress, direct physical injury and sickness, monetary loss, reputational loss, and the destruction of opportunities for advancement in her chosen field.

109.     Plaintiff has exhausted all administrative remedies.

110.     Plaintiff has suffered irreparable injury.

111.     Plaintiff has no adequate remedy at law.

112.     WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendants engaged in discriminatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

a.  That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

b.  That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

c.  That this Honorable Court award Plaintiff front and back pay;

d.  That this Honorable Court award pre-judgment interest and costs;

e.  That this Honorable Court award Plaintiff money reasonably calculated to compensate her for reputational injury, pain and suffering, emotional distress, and direct physical injury or sickness;

f.   That this Honorable Court award punitive damages to Plaintiff for the intentional, willful, and deliberate disregard for Plaintiff's federally protected rights;

g.   That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants;

h.   That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

i.   That this Honorable Court award such other and further relief as it may deem just and equitable.

**COUNT III**
**DISCRIMINATION BASED ON SEX**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000d, *et seq.***
**(AGAINST SCHOOL DISTRICT DEFENDANTS)**

113.   Plaintiff restates and realleges paragraphs 1 through 112, as if full restated herein.

114.   Plaintiff is a woman.

115.   Plaintiff was qualified for the positions and remains qualified for the positions of principal and teacher.

116.   Throughout her time at the School District, Plaintiff performed her job satisfactorily, Defendants' contrary allegations notwithstanding.

117.   Through the actions alleged hereinabove, Plaintiff was subject to disparate evaluation of her performance, was disciplined more severely, and was treated less favorably, than similarly-situated men, including, but not limited to:

a.   Defendants' failure to award her a lateral transfer to the Bilingual Director position;

22

      b.   Defendants' wrongful demotion of Plaintiff from her position as principal to her position as bilingual teacher;

      c.   Defendants' wrongful refusal to provide reasonable accommodations for her rheumatoid arthritis and compromised immune system;

      d.   Defendants' threats to terminate her for failure to attend work, in reliance on their own wrongful refusal to allow her to teach remotely.

118.     As principal of Lincoln Elementary, Plaintiff was paid less than similarly-situated men.

119.     As principal of Lincoln Elementary, Plaintiff was not provided support staff comparable to the staff allocated to schools headed by men.

120.     Plaintiff was expected to work a much heavier workload than similarly-situated male administrators, and when she objected, was demoted from administration to classroom teacher on false and pretextual grounds.

121.     Defendants falsely accused Plaintiff of misconduct, including theft and insubordination, where similarly-situated men were not so accused.

122.     When the COVID-19 pandemic caused the School District to provide remote learning to students, Defendants refused to grant Plaintiff's request to teach her classes remotely, but required her to be present on campus for false and pretextual reasons, and despite compelling medical reasons.

123.     Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

124.     As principal of Lincoln Elementary, Plaintiff was paid less than similarly-situated male administrators.

125.     As principal of Lincoln Elementary, Plaintiff was not provided support staff comparable to the staff allocated to schools headed by men.

126.     Plaintiff was expected to work a much heavier work load than similarly-situated male administrators, and when she objected, was demoted from administration to classroom teacher on false and pretextual grounds.

127.     Defendants falsely accused Plaintiff of misconduct, including theft, belligerence and insubordination, where similarly situated men were not so accused;

128.     When the COVID-19 pandemic caused the School District to provide remote learning to students, Defendants refused to grant Plaintiff's request to teach her classes remotely, but required her to be present on campus for false and pretextual reasons, and despite compelling medical reasons, where similarly-situated staff of U.S. national origin were allowed to teach remotely.

129.     In June, 2019, Defendants brought disciplinary proceedings for insubordination against Plaintiff, on false and pretextual grounds.

130.     Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

131.     Plaintiff has been discriminated against as a result of her national origin, Colombian.

132.     On information and belief, the persons who absorbed Plaintiff's duties were non-Colombian.

133.     As a direct and proximate result of the Defendants' discriminatory treatment, Plaintiff suffered humiliation, pain and suffering, emotional distress, direct physical injury and sickness, monetary loss, reputational loss, and the destruction of opportunities for advancement in her chosen field.

134.     Plaintiff has exhausted all administrative remedies.

135.     Plaintiff has suffered irreparable injury.

136.     Plaintiff has no adequate remedy at law.

137.     WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendants engaged in discriminatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

a.  That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

b.  That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

c.  That this Honorable Court award Plaintiff front and back pay;

d.  That this Honorable Court award pre-judgment interest and costs;

e.  That this Honorable Court award Plaintiff money reasonably calculated to compensate her for reputational injury, pain and suffering, emotional distress, and direct physical injury or sickness;

f.  That this Honorable Court award punitive damages to Plaintiff for the intentional, willful, and deliberate disregard for Plaintiff's federally protected rights;

g.  That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants;

h.  That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

i.  That this Honorable Court award such other and further relief as it may deem just and equitable.

**COUNT IV**
**RETALIATION BASED ON RACE**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000e, *et seq.***
**(AGAINST SCHOOL DISTRICT)**

138.  Plaintiff repeats and realleges paragraphs 1-137 above, as if more fully set forth herein.

139.  Plaintiff repeatedly lodged complaints with the School District administration of discriminatory treatment based on her race, Hispanic.

140.  On or about November 27, 2019, Guio filed a complaint with the U.S. EEOC of discrimination based on her race, Hispanic, which she updated from time to time.

141.  Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

142.  Plaintiff has been retaliated against as a result of her race, Hispanic.

As a direct and proximate result of the Defendants' retaliatory treatment, Plaintiff suffered humiliation, pain and suffering, emotional distress, direct physical injury and

sickness, monetary loss, reputational loss, and the destruction of opportunities for advancement in her chosen field.

143.     Plaintiff has exhausted all administrative remedies.

144.     Plaintiff has suffered irreparable injury.

145.     Plaintiff has no adequate remedy at law.

146.     WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendants engaged in retaliatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

a.  That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

b.  That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

c.  That this Honorable Court award Plaintiff front and back pay;

d.  That this Honorable Court award pre-judgment interest and costs;

e.  That this Honorable Court award Plaintiff money reasonably calculated to compensate her for reputational injury, pain and suffering, emotional distress, and direct physical injury or sickness;

f.  That this Honorable Court award punitive damages to Plaintiff for the intentional, willful, and deliberate disregard for Plaintiff's federally protected rights;

g.  That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants;

h.   That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

i.   That this Honorable Court award such other and further relief as it may deem just and equitable.

**COUNT V**
**RETALIATION BASED ON NATIONAL ORIGIN**
**IN VIOLATION OF TITLE VII**
**29 U.S.C. § 2000e**
**(AGAINST SCHOOL DISTRICT DEFENDANTS)**

147.   Plaintiff repeats and realleges paragraphs 1-146 above, as if more fully set forth herein.

148.   Plaintiff repeatedly lodged complaints with the School District administration of discriminatory treatment that was based on her Colombian national origin.

149.   On or about November 27, 2019, Guio filed a complaint with the U.S. EEOC of discrimination based on her national origin, which she updated from time to time.

150.   Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

151.   Plaintiff has been retaliated against as a result of her national origin, Colombian.

152.   As a direct and proximate result of the Defendants' retaliatory treatment, Plaintiff suffered humiliation, pain and suffering, emotional distress, direct physical injury and sickness, monetary loss, reputational loss, and the destruction of opportunities for advancement in her chosen field.

153.   Plaintiff has exhausted all administrative remedies.

154.   Plaintiff has suffered irreparable injury.

155.     Plaintiff has no adequate remedy at law.

156.     WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendants engaged in retaliatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

a.  That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

b.  That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

c.  That this Honorable Court award Plaintiff front and back pay;

d.  That this Honorable Court award pre-judgment interest and costs;

e.  That this Honorable Court award Plaintiff money reasonably calculated to compensate her for reputational injury, pain and suffering, emotional distress, and direct physical injury or sickness;

f.  That this Honorable Court award punitive damages to Plaintiff for the intentional, willful, and deliberate disregard for Plaintiff's federally protected rights;

g.  That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants;

h.  That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

i.  That this Honorable Court award such other and further relief as it may deem just and equitable.

## COUNT VI
## RETALIATION BASED ON SEX
## IN VIOLATION OF TITLE VII
## 29 U.S.C. § 2000e
## (AGAINST SCHOOL DISTRICT DEFENDANTS)

157.     Plaintiff repeats and realleges paragraphs 1-156 above, as more fully set forth

herein.

158.     Plaintiff repeatedly lodged complaints with the School District administration of

discriminatory treatment that was based on her Colombian national origin.

159.     On or about November 27, 2019, Guio filed a complaint with the U.S. EEOC of

discrimination based on her sex, female, which she updated from time to time.

160.     Through the actions set forth more fully above, Defendants acted intentionally,

willfully, and/or with reckless and callous indifference to Plaintiff's federally protected

rights.

161.     Plaintiff has been retaliated against as a result of her national origin, Colombian.

162.     As a direct and proximate result of the Defendants' retaliatory treatment, Plaintiff

suffered humiliation, pain and suffering, emotional distress, direct physical injury and

sickness, monetary loss, reputational loss, and the destruction of opportunities for

advancement in her chosen field.

163.     Plaintiff has exhausted all administrative remedies.

164.     Plaintiff has suffered irreparable injury.

165.     Plaintiff has no adequate remedy at law.

166.     WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that

Defendants engaged in retaliatory conduct against Plaintiff, and enter a judgment in favor

of Plaintiff, making the following findings and granting the following relief:

a. That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

b. That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

c. That this Honorable Court award Plaintiff front and back pay;

d. That this Honorable Court award pre-judgment interest and costs;

e. That this Honorable Court award Plaintiff money reasonably calculated to compensate her for reputational injury, pain and suffering, emotional distress, and direct physical injury or sickness;

f. That this Honorable Court award punitive damages to Plaintiff for the intentional, willful, and deliberate disregard for Plaintiff's federally protected rights;

g. That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants;

h. That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

i. That this Honorable Court award such other and further relief as it may deem just and equitable.

**COUNT VII**
**DISCRIMINATION BASED ON AGE**
**IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. § 621**
**(AGAINST SCHOOL DISTRICT DEFENDANTS)**

167. Plaintiff repeats and realleges paragraphs 1 through 166 above, as if fully restated herein, and pleads in the alternative:

31

168.    Plaintiff is 55 years of age.

169.    Throughout her employment by the School District, Plaintiff performed her job
satisfactorily, Defendants' contrary allegations notwithstanding.

170.    The Plaintiff was qualified for the position and remains qualified for the positions
of school principal and bilingual education teacher.

171.    Through the actions alleged hereinabove, Plaintiff was subject to disparate
evaluations, of her performance, was disciplined more severely, and was treated less
favorably than similarly situated younger staff members, including, but not limited to, the
following:

   a. As principal of Lincoln Elementary, Plaintiff was paid less than similarly-situated
      administrators who were younger;

   b. As principal of Lincoln elementary, Plaintiff was not provided support staff
      comparable to the staff allocated to schools with younger administrators;

   c. Plaintiff was expected to work a much heavier workload than similarly-situated
      younger administrators, and when she objected, was demoted from administration
      to classroom teacher on false and pretextual grounds;

   d. Defendants falsely accused Plaintiff of misconduct, including theft and
      insubordination, where similarly-situated younger staff were not so accused;

   e. When the COVID-19 pandemic caused the School District to provide remote
      learning to students, Defendants refused to grant Plaintiff's request to teach her
      classes remotely, but required her to be present on campus for false and pretextual
      reasons, and despite compelling medical reasons, where, on information and
      belief, similarly-situated younger staff was allowed to teach remotely;

     f.   In June, 2019, Defendants brought disciplinary proceedings for insubordination against Plaintiff, on false and pretextual grounds;

     g.   On false and pretextual grounds, Defendants subjected Plaintiff to discipline, demotion, and reduction in pay;

172.     Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

173.     Plaintiff has been discriminated against as a result of her age.

174.     As a direct and proximate result of the Defendants' discriminatory treatment, Plaintiff suffered humiliation, pain and suffering, emotional distress, monetary loss, reputational loss, and the destruction of opportunities for advancement in her chosen field.

175.     Plaintiff has exhausted all administrative remedies.

176.     Plaintiff has suffered irreparable injury.

177.     Plaintiff has no adequate remedy at law.

178.     WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant School District engaged in discriminatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

     a.   That his Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

     b.   That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

c.   That this Honorable Court award Plaintiff front and back pay;

d.   That this Honorable Court award pre-judgment interest and costs;

e.   That this Honorable Court award liquidated damages to Plaintiff for the intentional, willful, malicious, and deliberate disregard for Plaintiff's federally protected rights;

f.   That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants;

g.   That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

h.   That this Honorable Court award such other and further relief as it may deem just and equitable.

<u>**COUNT VIII**</u>
<u>**RETALIATION IN VIOLATION OF THE**</u>
<u>**AGE DISCRIMINATION IN EMPLOYMENT ACT**</u>
<u>**29 U.S.C. § 621**</u>
<u>**(AGAINST SCHOOL DISTRICT DEFENDANTS)**</u>

1-178.  Plaintiff restates and realleges paragraphs 1-178 above, as if fully set forth herein, and in the alternative, pleads retaliation in violation of the Age Discrimination in Employment Act:

179.     Plaintiff made internal complaints of discrimination, and on November 27, 2019, filed a charge of discrimination under the ADEA to the U.S. Equal Employment Opportunity Commission.

180.     Defendants failed to respond to Plaintiff's allegations of discriminatory or retaliatory mistreatment, or to mitigate her working conditions.

181.     The hereinabove conduct of Defendants was in retaliation for Plaintiff's complaints of unlawful discrimination.

34

182.    Similarly-situated individuals, who did not engage in protected activity, were treated more favorably than Plaintiff.

183.    Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

184.    As a direct and proximate result of the Defendants' discriminatory treatment, Plaintiff suffered humiliation, monetary loss, reputational loss, and the destruction of opportunities for advancement.

185.    Plaintiff has exhausted all administrative remedies.

186.    Plaintiff has suffered irreparable injury.

187.    Plaintiff has no adequate remedy at law.

188.    WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that the Defendants engaged in retaliatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

a.  That this Honorable Court find that Plaintiff was improperly terminated from her position;

b.  That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

c.  That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

d.  That this Honorable Court award Plaintiff front and back pay;

e. That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants;

f. That this Honorable Court award liquidated damages to Plaintiff for the intentional, willful, and deliberate disregard for Plaintiff's federally protected rights;

g. That this Honorable Court award pre-judgment interests and costs;

h. That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

i. That this Honorable Court award such other and further relief as it may deem just and equitable.

**COUNT IX**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 U.S.C. § 12101, *et seq*.**
**(AGAINST SCHOOL DISTRICT DEFENDANTS)**

188.  Plaintiff restates and realleges paragraphs 1-187 above, as if fully set forth herein.

189.  At all times material hereto, Plaintiff was and is an individual with one or more disabilities within the meaning of 42 U.S.C. §12102, including but not limited to rheumatoid arthritis and lupus, and was and is immunocompromised.

190.  The Plaintiff was qualified for the positions of school principal and bilingual education teacher, remains qualified for such positions, and can perform all essential functions of the job, with or without reasonable accommodations.

191.  Plaintiff's supervisors knew that she had rheumatoid arthritis, and was immunocompromised.

36

192.     Through the actions alleged hereinabove, Plaintiff was evaluated disparately, disciplined more severely, and treated less favorably than non-disabled similarly-situated employees, including, but not limited to, the following:

    a.  Defendants paid her less than similarly-situated principals.

    b.  Plaintiff was falsely accused of mismanaging School District funds by her supervisor, Defendant Wartman.

    c.  Plaintiff was designated for a disproportionate workload, i.e., to perform all performance evaluations for all teachers of bilingual education throughout the District, while performing all regularly assigned duties as school principal in her assigned school, including all performance evaluations of all professional personnel.

    d.  Despite her disproportionate workload, Plaintiff's request for an assistant principal was denied, unlike the staffing at comparable schools.

    e.  Plaintiff was falsely accused of insubordination, failure to perform her duties, and unprofessional misconduct, inter alia, by her supervisors, Defendants Langton and Wartman.

    f.  Based on such false and pretextual allegations, Plaintiff was demoted from her position of principal to that of teacher.

    g.  When Plaintiff made complaints of discrimination and retaliation, Defendants failed and refused to remediate their wrongful actions.

193.     Through the actions alleged hereinabove, the School District failed to engage in good faith in the interactive process, and failed to provide Plaintiff the reasonable accommodation of teleworking.

194.     Through its wrongful inquiries regarding Plaintiff's medical condition, the School

District violated the ADA, which prohibits such inquiries of an employee:

  (A) Prohibited examinations and inquiries.
      A covered entity *shall not* require a medical examination and *shall not* make
      inquiries of an employee as to whether such employee is an *individual with a
      disability* or as to the *nature or severity of the disability*, unless such
      examination or inquiry is shown to be job-related and consistent with
      business necessity.

42 U.S.C. §12112(d)(4)(A) (emphasis added). Such activities constitute discrimination:

"The prohibition against discrimination as referred to in subsection (a) *shall include*

medical examinations and inquiries." 42 U.S.C. §12112(d)(1)(emphasis added).

195.     Through the actions set forth more fully above, Defendants acted intentionally,

willfully, and/or with reckless and callous indifference to Plaintiff's federally protected

rights.

196.     Plaintiff has been discriminated against as a result of her disabilities.

197.     As a direct and proximate result of the Defendant's discriminatory treatment,

Plaintiff suffered humiliation, pain and suffering, emotional distress, direct physical

injury and sickness, monetary loss, reputational loss, and the destruction of opportunities

for advancement.

198.     Plaintiff has exhausted all administrative remedies.

199.     Plaintiff has suffered irreparable injury.

200.     Plaintiff has no adequate remedy at law.

201.     WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that

Defendants engaged in discriminatory conduct against Plaintiff, and enter a judgment in

favor of Plaintiff, making the following findings and granting the following relief:

a.  That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

b.  That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

c.  That this Honorable Court award Plaintiff front and back pay;

d.  That this Honorable Court award Plaintiff punitive damages;

e.  That this Honorable court award Plaintiff money reasonably calculated to compensate her for her reputational injury, pain and suffering, emotional distress, and direct physical injury or sickness;

f.  That this Honorable Court award pre-judgment interests and costs;

g.  That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

h.  That this Honorable Court award such other and further relief as it may deem just and equitable.

### COUNT X
### RETALIATION IN VIOLATION OF THE ADA
### 42 U.S.C. § 12101, *et seq.*
### (AGAINST SCHOOL DISTRICT DEFENDANTS)

202.    Plaintiff repeats and realleges paragraphs 1-201 above, as if more fully set forth herein.

203.    Plaintiff repeatedly lodged complaints with the School District administration of discriminatory treatment that was based on her disability.

204.    On or about November 27, 2019, Guio filed a complaint with the U.S. EEOC of discrimination based on disability, which she updated from time to time.

205.    Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

206.    Plaintiff has been retaliated against as a result of her protected activity on account of her disability.

207.    As a direct and proximate result of the Defendants' retaliatory treatment, Plaintiff suffered humiliation, pain and suffering, emotional distress, direct physical injury and sickness, monetary loss, reputational loss, and the destruction of opportunities for advancement in her chosen field.

208.    Plaintiff has exhausted all administrative remedies.

209.    Plaintiff has suffered irreparable injury.

210.    Plaintiff has no adequate remedy at law.

211.    WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendants engaged in retaliatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

a.    That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

b.    That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

c.    That this Honorable Court award Plaintiff front and back pay;

d.    That this Honorable Court award pre-judgment interest and costs;

e. That this Honorable Court award Plaintiff money reasonably calculated to compensate her for reputational injury, pain and suffering, emotional distress, and direct physical injury or sickness;

f. That this Honorable Court award punitive damages to Plaintiff for the intentional, willful, and deliberate disregard for Plaintiff's federally protected rights;

g. That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants;

h. That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

i. That this Honorable Court award such other and further relief as it may deem just and equitable.


## COUNT XI
## DISABILITY DISCRIMINATION
## IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF  1973, 42 U.S.C. §794, *et seq.* (AGAINST SCHOOL DISTRICT DEFENDANTS)

1-211.  Plaintiff restates and realleges paragraphs 1-211 above, as if fully set forth herein.

212. Defendants operate programs that receive federal financial assistance.

213. At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of 42 U.S.C. § 794.

214. Plaintiff is a qualified individual with a disability, who was denied access to a program or activity, because of her disability. See 29 U.S.C. § 794(a)

215.     The Plaintiff was qualified for the positions, and remains qualified for the position, of principal and teacher and can perform all essential functions of the job, with or without reasonable accommodations.

216.     Plaintiff's supervisors knew that she had rheumatoid arthritis and was immunocompromised.

217.     Through the actions alleged hereinabove, Plaintiff was evaluated disparately, disciplined more severely, and treated less favorably than non-disabled similarly-situated employees.

218.     Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

219.     Plaintiff has been discriminated against as a result of her disabilities.

220.     As a direct and proximate result of the Defendants' discriminatory treatment, Plaintiff suffered humiliation, pain and suffering, emotional distress, direct physical injury and sickness, monetary loss, reputational loss, and the destruction of opportunities for advancement.

221.     Plaintiff has suffered irreparable injury.

222.     Plaintiff has no adequate remedy at law.

223.     WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendants engaged in discriminatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

a.  That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

b. That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

c. That this Honorable Court award Plaintiff front and back pay;

d. That this Honorable Court award Plaintiff punitive damages;

e. That this Honorable court award Plaintiff money reasonably calculated to compensate her for her reputational injury, pain and suffering, emotional distress, and direct physical injury or sickness;

f. That this Honorable Court award pre-judgment interests and costs;

g. That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

h. That this Honorable Court award such other and further relief as it may deem just and equitable.

**COUNT XII**
**RETALIATION IN VIOLATION OF THE**
**SECTION 504 OF THE REHABILITATION ACT OF 1973,**
**42 U.S.C. §794, *et seq.***
**(AGAINST SCHOOL DISTRICT DEFENDANTS**

224. Plaintiff repeats and realleges paragraphs 1-223 above, as if more fully set forth herein.

225. Plaintiff repeatedly complained to the School District administration of discriminatory treatment that was based on her disability.

226. On or about November 27, 2019, Guio filed a complaint with the U.S. EEOC of discrimination based on disability, which she updated from time to time.

43

227.     Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

228.     Plaintiff has been retaliated against as a result of her protected activity on account of her disability.

229.     As a direct and proximate result of the Defendants' retaliatory treatment, Plaintiff suffered humiliation, pain and suffering, emotional distress, direct physical injury and sickness, monetary loss, reputational loss, and the destruction of opportunities for advancement in her chosen field.

230.     Plaintiff has exhausted all administrative remedies.

231.     Plaintiff has suffered irreparable injury.

232.     Plaintiff has no adequate remedy at law.

233.     WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendants engaged in retaliatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

a.   That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

b.   That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

c.   That this Honorable Court award Plaintiff front and back pay;

d.   That this Honorable Court award pre-judgment interest and costs;

    e.    That this Honorable Court award Plaintiff money reasonably calculated to compensate her for reputational injury, pain and suffering, emotional distress, and direct physical injury or sickness;

    f.    That this Honorable Court award punitive damages to Plaintiff for the intentional, willful, and deliberate disregard for Plaintiff's federally protected rights;

    g.    That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants;

    h.    That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

    i.    That this Honorable Court award such other and further relief as it may deem just and equitable.

## COUNT XIII
## RETALIATION IN VIOLATION OF
## FAMILY AND MEDICAL LEAVE ACT (FMLA)
## 29 U.S.C. § 2615(a)(2)
## (AGAINST SCHOOL DISTRICT DEFENDANTS)

1-233. Plaintiff repeats and realleges paragraphs 1-233 above, as though fully set forth herein.

234.    In October, 2020, Plaintiff was hospitalized for a surgical procedure, and has not yet been released to return to work. Plaintiff applied for and was placed on FMLA leave.

235.    Defendants have threatened to terminate Plaintiff for failure to return to work, although her FMLA and sick leave have not expired, and Plaintiff has not yet been evaluated for return to work, but anticipates she can perform her job successfully.

236.     A causal connection exists between Plaintiff's protected activity of taking FMLA leave, and Defendant's adverse actions of suspending and then threatening to terminate Plaintiff's employment.

237.     Through the actions set forth more fully above, Defendants acted intentionally, in bad faith, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

238.     As a direct and proximate result of Defendants' retaliatory treatment, Plaintiff experienced pain, suffering, humiliation, loss of income, other monetary loss, reputational loss, and the destruction of her career.

239.     Plaintiff has suffered irreparable injury.

240.     Plaintiff has no adequate remedy at law.

241.     WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that the Defendants engaged in retaliatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

a.  That this Honorable Court find that Plaintiff was improperly terminated from her position;

b.  That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

c.  That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

d.  That this Honorable Court award Plaintiff front and back pay;

e. That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants;

f. That this Honorable Court award liquidated damages to Plaintiff for the intentional, willful, and deliberate disregard for Plaintiff's federally protected rights;

g. That this Honorable Court award pre-judgment interests and costs;

h. That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

i. That this Honorable Court award such other and further relief as it may deem just and equitable.

**COUNT XIV**
**VIOLATION OF 42 U.S.C. § 1983**
**DEPRIVATION OF EQUAL PROTECTION**
**(AGAINST SCHOOL DISTRICT DEFENDANTS)**

1-241. Plaintiff repeats and realleges paragraphs 1 through 241 above, as though fully set forth herein.

242.    At all times relevant herein, the School District Defendants were acting under color of state law.

243.    The Defendant Board of Education deprived Plaintiff of her right to Equal Protection of the laws by, inter alia, failing to investigate Plaintiff's complaints of discrimination, harassment and retaliation based on Hispanic race, female sex and Colombian national origin; and disciplining, demoting, and threatening to terminate Plaintiff from future employment, knowing of the unlawful, discriminatory and retaliatory motives of its administrators.

244.     On information and belief, Defendants have followed these unconstitutional customs and policies not only with regards to Plaintiff, but also with regard to tortious misconduct committed against other employees of the School District in the protected categories.

245.     Defendants' policies and/or practices constitute disparate treatment of female employees and of employees of Hispanic race and/or non-U.S. national origin.

246.     As a direct and proximate result of the Defendants' actions, Plaintiff has suffered physical injury and sickness, lost wages and/or benefits, future income, pain and suffering, emotional distress, damage to her reputation, compensatory damages, and has incurred attorney's fees and costs.

247.     Plaintiff has suffered irreparable injury

248.     Plaintiff has no adequate remedy at law.

249.     WHEREFORE, Plaintiff Guio prays that this Honorable Court find that the conduct of the School District Defendants violated Plaintiff's rights under the 14th Amendment to the United States Constitution, and enter a judgment granting the following relief:

a.   Award Plaintiff money reasonably calculated to compensate her for all the monetary damages sustained as a result of the conduct of Defendants;

b.   Award Plaintiff money reasonably calculated to compensate her for her reputational injury, pain and suffering, emotional distress, and any direct physical injury or sickness;

c.   Award liquidated and punitive damages for Defendant's willful and/or malicious acts;

d.   Award reasonable attorneys' fees and costs; and

e.   Award such other relief as it may deem just and equitable.

**COUNT XV**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC**
**ADVANTAGE**
**(AGAINST DEFENDANTS LANGTON AND WARTMAN**
**IN THEIR INDIVIDUAL CAPACITIES)**

1-249.  Plaintiff restates and realleges paragraphs 1-249 above, as though fully set forth herein.

250.    As an employee meeting her required expectations, Guio had an enforceable expectation of continued employment.

251.    Defendants Langton and Wartman had developed an animus against Guio, and sought Guio's removal from her positions as administrator and teacher in the School District.

252.    Through Defendant Langton and Wartman's machinations, Guio is improperly terminated, on the basis of false, discriminatory and pretextual reasons.

253.    Defendants Langton and Wartman have willfully, intentionally, and unjustifiably impeded Guio's performance as principal and bilingual education teacher at the School District, by persistently discriminating against Guio, and preferring false, discriminatory and pretextual charges against her.

254.    As a result of the inducement of Defendants Langton and Wartman, Guio is threatened with termination from her position at the School District.

255.    As a result of Defendants Langton and Wartman's willful interference with Guio's continuing employment, her career prospects, and her prospective economic advantage, Guio has suffered economic loss, loss of a wide range of professional opportunities, and injury to her professional reputation and employment prospects.

256.     With actual malice, Defendants Langton and Wartman intentionally and unjustifiably orchestrated Plaintiff's removal from Lincoln Elementary, and seek to remove her from employment at the School District altogether, acting in her own self-interest, outside the scope of their agency relationship with the School District and contrary to the interests of the School District.

257.     Defendants Langton and Wartman acted with malice to overcome any existing privilege to act on behalf of School District Defendants, and to interfere with the contract between Plaintiff and School District Defendants, and to interfere with Plaintiff's contractual rights.

258.     Defendants Langton and Wartman engaged in conduct completely unrelated to the interests of School District Defendants, which gave rise to their right to act on behalf of School District Defendants.

259.     All of Defendants Langton's and Wartman's actions took place in the County of DuPage, State of Illinois.

260.     As a direct and proximate result of Defendants Langton's and Wartman's wrongful conduct, Plaintiff has suffered ill health, sustained physical injury, pain, suffering, humiliation, loss of income, monetary loss, reputational loss, and the destruction of opportunities for advancement in the nursing profession.

261.     Plaintiff has suffered irreparable injury.

262.     Plaintiff has no adequate remedy at law.

263.     WHEREFORE, the Plaintiff respectfully requests that this Honorable Court find that Defendants Langton and Wartman engaged in tortious interference, and enter a judgment making the following findings and granting the following relief:

a. That this Honorable Court order any and all negative evaluations, discipline, and related documents expunged from Plaintiff's employee file;

b. That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

c. That this Honorable Court award pre-judgment interest and costs;

d. That this Honorable Court award punitive damages to Plaintiff for the intentional, willful, and deliberate disregard for Plaintiff's rights;

e. That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the actions of Defendants Langton and Wartman;

f. That this Honorable Court award such other and further relief as it may deem just and equitable.

## COUNT XVI
## TORTIOUS INTERFERENCE WITH CONTRACT
## (AGAINST DEFENDANTS LANGTON AND WARTMAN
## IN THEIR INDIVIDUAL CAPACITIES)

1-271. Plaintiff restates and realleges paragraphs 1-271 above, as though fully set forth herein.

264.    As an employee meeting her required expectations, Plaintiff had an enforceable expectation of continued employment, pursuant to the contracts attached as Exhibit B hereto.

265.    Plaintiff is subject to constructive discharge from her position, due to false, discriminatory, retaliatory and pretextual reasons, and barred from further employment at the School District.

266.    Guio has suffered economic loss, lack of advancement, and impairment of her professional reputation and opportunities in her field.

267.     With actual malice, Defendants Langton and Wartman are intentionally and unjustifiably inducing Plaintiff's removal from the School District, barring her from further employment at the School District, acting in their own self-interests, outside the scope of their agency relationship with the School District, and contrary to the interests of the School District.

268.     Defendants Langton and Wartman have acted with malice to overcome any existing privilege to act on behalf of the School District, to interfere with the contract between the School District and Plaintiff, and to interfere with Plaintiff's contractual rights.

269.     Defendants Langton and Wartman have acted in conduct completely unrelated to the interests of the School District, which would give rise to their right to act on behalf of the School District.

270.     All of the Defendants Langton and Wartman's actions have taken place in the County of DuPage, State of Illinois.

271.     As a direct and proximate result of Defendants Langton's and Wartman's wrongful conduct, Plaintiff has suffered ill health, sustained physical injury, pain, suffering, humiliation, loss of income, monetary loss, reputational loss, and the destruction of opportunities for advancement in the nursing profession.

272.     Plaintiff has suffered irreparable injury.

273.     Plaintiff has no adequate remedy at law.

274.     WHEREFORE, the Plaintiff respectfully requests that this Honorable Court find that Defendants Langton and Wartman have engaged in tortious interference, and enter a judgment making the following findings and granting the following relief:

a. That this Honorable Court order any and all negative evaluations, discipline, and related documents expunged from Plaintiff's employee file;

b. That this Honorable Court award Plaintiff's reinstatement to the School District;

c. That this Honorable Court award pre-judgment interest and costs;

d. That this Honorable Court award punitive damages to Plaintiff for the intentional, willful, and deliberate disregard for Plaintiff's rights;

e. That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the actions of Defendants Langton and Wartman;

f. That this Honorable Court award such other and further relief as it may deem just and equitable.

DATED:  February 9, 2021

Respectfully submitted,

 /s/ *Elaine K. B. Siegel*
Elaine K.B. Siegel
One of Plaintiff's Attorneys

ELAINE K.B. SIEGEL
Attorney Number 6183905
ELAINE K.B. SIEGEL & ASSOC., P.C.
P.O. BOX 6486
Evanston, Illinois 60604
ekbsiegel@aol.com
(312) 339-8088

53